## Yellow Poplar Lumber Company v. Varney, et al.

(Decided May 19, 1925.)

### Appeal from Pike Circuit Court.

1. Damages—Measure of Damages for Breach of Contract to Cut Timber Stated.—Measure of damages for breach of contract, by which plaintiff was hired to cut timber, is difference between cost of cutting timber and contract price for doing so.

2. Evidence—Testimony that Profit Under Contract to Cut Timber Would be 75 Cents Per Tree was Conclusion, and Should Have Been Excluded.—In action to recover on contract to cut and work timber, testimony that plaintiffs would have made profit of 75 cents per tree if permitted to do work, in absence of any testimony showing what they were required to do under contract and what it would cost to do it, held mere conclusion.

3. Damages—Evidence of Damage Not Sufficient for Jury.—In action for refusal to allow plaintiffs to cut and work timber as per contract, there being no showing as to what plaintiffs agreed to do under contract, or what it would cost them to do it, evidence held not sufficient for jury on question of damage.

4. Damages—Instruction Authorizing Jury to Award Profit which Would Have Been Made as Damage for Breach of Contract Held Erroneous.—In action to recover for refusal to allow plaintiffs to cut timber under contract, instruction authorizing jury to award amount of profit that would have been made, not to exceed amount sued for, held erroneous, as not giving any standard whereby to measure damages.

STRATTON & STEPHENSON for appellant.

WILLIS STATON and J. B. DESKINS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellees, Adrian Varney, et al., recovered judgment in the Pike circuit court against appellant, Yellow Popular Lumber Company, for $825.00 in an action by them against it for damages growing out of the breach of a contract.

There are four of the appellees. One of them testified that for himself and his co-appellees, in January, 1923, he made a contract with appellant through its agent, Dave Davenport, to cut and work the timber on the Ken Williams tract of land at $1.50 per tree. From his testimony and that of the other three appellees it appears that there were about 2,000 trees on the Ken Williams tract, and their testimony, as well as that of another witness or two, was to the effect that they could have realized a profit of seventy-five cents per tree on the work. That testimony, however, was exceedingly general in its nature, and was admitted over appellant's objection.

Dave Davenport, with whom appellees claim to have made the contract, testified that he did not contract with appellees or either of them for his principal, or at all, to work the timber from the Ken Williams tract of land. No other testimony of any controlling weight was introduced to establish whether or not the contract was made.

At the close of appellees' testimony, and at the close of all of the testimony, appellant moved for a directed verdict and excepted to the court's judgment overruling the motion. That is the first error assigned as a reason for a reversal of the judgment herein. There is a total failure of proof in the record as to what appellees agreed to do under the alleged contract, or what it would have cost them to do it. None of the testimony discloses whether under the contract appellees were to merely fell the trees, or whether they were to cut them into logs, or whether they were to saw the timber into boards, or split it into rails, or hew it to timbers of certain dimensions, or prepare it for veneering mills. The evidence is equally as silent as to what the cost of doing whatever they were required to do would have been. The jury necessarily were as much in the dark on those matters as we are. The measure of damages in this case is the difference between the cost of doing whatever appellees were required to do under the contract and the price they

were to be paid for so doing. In the absence of any proof as to what they were required to do, and what it would have cost them to do it, there necessarily was nothing to submit to the jury to enable them to fix the damages. The testimony that if they had been permitted to do the work they would have made a profit of seventy-five cents per tree was but a conclusion in the absence of any testimony showing what they were required under the contract to do and what it would have cost to do it. The court should have excluded that testimony on appellant's objection.

The instructions given, if the testimony had been sufficient to take the case to the jury, were erroneous in not giving the jury a standard whereby to measure the damages. On the question of damages the instructions given authorized the jury if they believed the plaintiff would have made a profit on the contract to find for them such a sum as they might believe from the evidence they would have made thereon, not exceeding the amount sued for. Upon another trial the measure of damages will be given as indicated above.

Appellant's complaint that the petition herein is not sufficiently definite and specific in pleading the contract is not well taken in view of the fact that no motion to make more specific was entered and no demurrer was interposed to it. The other ground urged for reversal are not meritorious.

For the reasons herein indicated the judgment is reversed and this cause remanded for further proceedings consistent herewith.